MARVIN, Judge.
After pleading guilty to simple burglary of a pharmacy and being sentenced to nine years hard labor (LRS 14:62.1), defendant executed this Crosby appeal, contending that the trial court should have sustained his motion to suppress his confession as not being free and voluntary. LRS 15:451-2.
Defendant’s concise argument is that his “statement ..., [made] without question [when he was suffering from narcotic] ... withdrawal symptoms, could [not] be free and voluntary regardless of any promises of relief or threats [made] by the [interrogating] officers, as this hope for relief would seem to be unending and he would take any suggested course of action to relieve his agony.”
In his recorded statement, defendant acknowledged that he had not taken any drugs since about 48 hours before and stated that he had “been in withdrawal since then.” Defendant, however, also said at that time, that
—he understood “completely” the Miranda rights which had been explained to him in detail;
—he elected to give the statement before, rather than after, he ate supper;
—“no one’s forced me” to make a statement.
The officers, who escorted defendant from Marshall, Texas, to Winnfield and who interrogated him in Winnfield, testified that on the afternoon he gave the statement defendant
—appeared “normal;”
—“didn’t indicate ... in any way” that he was having narcotics withdrawal symptoms
—“was coherent, knew where he was, what he was doing ...”
*1091 —remembered the face and name of one deputy whom he had not seen for several years;
—was not “fidgeting or moving around;”
—did not act as he had acted before when the deputy suspected defendant was then “on drugs;”
—was less nervous than when he later testified at the motion to suppress hearing; and
—was not promised, threatened, or induced in any way to make the statement.
At the motion to suppress hearing, the trial court heard the witnesses, the defendant, heard the tape of the interrogation in question, and concluded that defendant’s “answers were responsive ... sensible, demonstrated full understanding of the questions, and ... made sense.” The court then mentioned the evidence taken at the hearing, and found that defendant “knowingly, willingly ... voluntarily waived his rights and made a statement ... without threats, promises, duress ...”
The admissibility of a confession is a question for the trial judge and his conclusions as to the credibility and weight of the testimony relating to the voluntariness of a confession will not be overturned unless the conclusions are not supported by the evidence. State v. Narcisse, 426 So.2d 118 (La.1983).
Narcisse had taken 10 Preludin tablets about 48 hours before he confessed his crime to police. He contended that his confession was not voluntary because he had a lapse of memory and no recollection of any confession as a result of taking the Preludin. State witnesses testified to the contrary and the admission of the confession was upheld on the basis above stated. Narcisse, supra, at 126.
In State v. Bouffanie, 364 So.2d 971 (La.1978), defendant was suffering from heroin withdrawal when he was arrested one morning. He was taken to a doctor who gave him a sedative and prescribed a tranquilizer for defendant to take orally every four hours. Later that afternoon and the next day, he confessed his crimes to police. The court mentioned that three medical experts said
“it was possible that he may have been induced by his condition to give a confession that he otherwise would not have made. However, each witness indicated that because of the many variables he could not state that either proposition was more probable than not.” 364 So.2d at p. 974.
Nonetheless, the court concluded:
“Despite conflicts in the testimony, our review of the record reflects that the evidence supports the trial judge’s finding that the State sustained its burden on the issue of voluntariness.” 364 So.2d at p. 974.
The trial court did not err in admitting defendant’s confession against defendant’s complaint that it was not free and voluntary. The record supports the conclusions of the trial court. Bouffanie, supra.
Accordingly, defendant’s conviction is AFFIRMED.